```
                                             FILED
                                        IN CLERK'S OFFICE
                                       US DISTRICT COURT E.D.N.Y.
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK            ★  AUG 22 2012  ★

                                            BROOKLYN OFFICE
```

ALDEN FERGUSON,

            Plaintiff,        **MEMORANDUM DECISION AND ORDER**

- against -

                               12 Civ. 4028 (BMC)(LB)

ANTHONY MASTRO, CHARLES J. HYNES,
DAVID EPSTEIN ESQ.,

           Defendants.

---

**COGAN**, District Judge.

    Plaintiff has filed the instant *pro se* action pursuant to 42 U.S.C. § 1983 against the judge, the Kings County District Attorney, and defense attorneys assigned to his underlying state court criminal proceeding. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. For the reasons discussed below, the Complaint is dismissed.

## BACKGROUND

    Plaintiff alleges that in 1995, he was unjustly indicted and convicted for the crime of robbery. Plaintiff further alleges that he filed multiple motions to dismiss the indictment along with a state petition for a writ of habeas corpus. He argues that because of Justice Mastro's bias, "all ten (10) of [plaintiff's] motions [were denied] without a hearing for any of them." Plaintiff also cites the Justice's refusal to correct an inconsistency between the indictment and the complaint as further evidence of his bias. Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct 1955, 1974 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176 (1980); U.S. v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011).

## DISCUSSION

In order to maintain a section 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). The Supreme Court has held that "the under-color-of-state-law element of section 1983 excludes from its reach merely private conduct, no

2

matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985 (1999) (internal quotation marks omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights [but] provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816, 105 S. Ct. 2427, 2432 (1985)).

The Supreme Court has made clear that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a state prisoner suing under section 1983 must prove that "the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 2372 (1994). See also Wilkinson v. Dotson, 544 U.S. 74, 81–82, 125 S. Ct 1242, 1248 (2005); Henry v. Purvis, 111 F. App'x 622, 623-24 (2d Cir. 2004).

Plaintiff states that he was convicted of robbery and is currently incarcerated pursuant to this conviction. Moreover, plaintiff has been unsuccessful in challenging his conviction to date. See Ferguson v. Conway, No. 09 CV 1575 (DLI) (E.D.N.Y.) (order dated April 20, 2011, denying the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254; and Second Circuit mandate dated September 13, 2011, denying appeal). Here, the application of Heck is straightforward. Plaintiff's complaint alleges that the criminal indictment was "defective" and that the presiding Justice was biased. Since plaintiff's claim for damages bears a relationship to his unimpeached conviction, plaintiff's claim is not cognizable under section 1983.

3

Moreover, plaintiff's claim against Justice Mastro must be dismissed, as judges have absolute immunity for acts performed in their judicial capacities. See Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288 (1991); Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 1104 (1978); Bliven v. Hunt, 579 F.3d 204 (2d Cir. 2009). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11 (citation omitted). Here, plaintiff alleges that Justice Mastro dismissed plaintiff's motions out of bias. However, since the alleged wrongdoings of Justice Mastro are acts clearly performed in his judicial capacity in connection with the state criminal proceedings, plaintiff's claims are foreclosed by absolute immunity.

Plaintiff fails to allege any factual allegations against the remaining named defendants. Though courts must apply less rigorous pleading standards to *pro se* complaints, "a *pro se* plaintiff must still 'indentif[y] the particular events giving rise to her claim' so as to give defendants 'fair notice of her claim and the grounds upon which it rests.'" Burton v. Lynch, 664 F. Supp. 2d 349, 357 (S.D.N.Y. 2009) (citing Boykin v. KeyCorp., 521 F.3d 202, 214-15 (2d Cir. 2008)). Because plaintiff fails to plead any facts in support of his claims against the remaining defendants, these claims are also dismissed.

Additionally, to the extent plaintiff brings suit against Hynes in his official capacity, any such suit is barred by the Eleventh Amendment. As the Second Circuit has held, "[w]hen prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county." Ying Jing Gan v. City of N.Y., 996 F.2d 522, 536 (2d Cir. 1993) (quoting Baez v. Hennessy, 853 F2d 73, 77 (2d Cir. 1988) (internal quotation marks omitted)). Accordingly, a district attorney faced with a suit for damages stemming from acts taken

4

in "his official capacity . . . is entitled to invoke the Eleventh Amendment immunity belonging to the state." Ying Jing Gan, 996 F.2d at 529; accord Eisenberg v. District Attorney of the County of Kings et al., 847 F. Supp. 1029 (E.D.N.Y. 1994) (dismissing section 1983 claims against Kings County District Attorney in his official capacity on Eleventh Amendment grounds). Furthermore, "[i]t is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (1994) (quoting Moffit v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). To the extent plaintiff seeks to bring suit against Hynes in his individual capacity, the Complaint does not plead sufficient facts showing his personal involvement in the criminal prosecution of plaintiff. See, e.g., Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006).

The law is also clear that plaintiff's claims against his defense attorneys should be dismissed. See Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453 (1981) ("public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) ("court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.") (citation omitted).

Finally, any claim against the New York State Attorney General acting in his official capacity is also barred by the Eleventh Amendment. Shell v. Brzezniak, 365 F.Supp. 2d 362, 374 (W.D.N.Y. 2005) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989)).

5

## CONCLUSION

Accordingly, the Complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The Court has considered whether to permit amendment and concludes that no amendment could cure any, let alone all, of the defects described above. Amendment would therefore be futile.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith; therefore, *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       August 21, 2012

6